IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ESTATE OF EDWARD J. KLOCKENKEMPER and ROCKY WELL SERVICE, INC.,　　　Petitioners,　　　v.　　U.S. ENVIRONMENTAL PROTECTION AGENCY,　　　Respondent. | 3:10-cv-325-DRH-PMF |

## ORDER

**HERNDON, Chief Judge:**

This case is here on appeal following respondent United States Environmental Protection Agency's ("EPA") determination that petitioners Rocky Well Service, Inc. and the Estate of Edward J. Klockenkemper violated the federal Safe Drinking Water Act ("SDWA"). Petitioners sought to have the Environmental Appeal Board's ("Board") March 30, 2010, order set aside or remanded, along with several other orders entered during the administrative process. Instead of responding on the merits of the appeal, respondent moves this Court to vacate and remand the Board's final decision dated March 30, 2010, because the EPA erred in citing to unapproved Illinois Underground Injection Control ("UIC") regulations in its amended complaint, in addition to the federally approved

Illinois UIC regulations. Petitioners oppose respondent's motion and move this Court to take judicial notice of certain relevant portions of the SDWA, and promulgated federal and state SDWA regulations. For the following reasons, respondent's motion is granted, and petitioners' motion is denied. The Board's final order is vacated and the case is remanded to the Board for reconsideration of the issues under the appropriate legal standards.

## I. PROCEDURAL BACKGROUND

In October 1995, the State of Illinois issued a series of notices of violation ("NOV") to petitioners, for alleged violations of the SDWA Class II Illinois UIC regulations. In March 1999, the State of Illinois referred the matter to the respondent, and respondent issued a federal NOV in September 2000. In July 2001, respondent issued an initial administrative complaint to petitioners. In July 2008, the Regional Judicial Office for U.S. EPA Region 5 ("RJO") issued an initial order on penalty against the petitioners. Petitioners appealed through the administrative process, and on March 30, 2010, the Board issued a final decision upholding all orders by the RJO imposing penalties on petitioners for violations of SDWA regulations, including a $105,590 penalty jointly imposed on petitioners. (Doc. 2). Petitioners appealed the Board's decision and requested that the agency's decision be set aside or remanded for redetermination.[1]

---

[1] Petitioners requested this Court to review the following orders by the RJO and Board: "(1) 2/6/03 R. Kossek Order Granting Leave to Amend Complaint to Add EJK; (2) 5/3/05 R. Kossek Order Denying Motion to Dismiss Complaint; (3) 5/17/06 M. Toney Order Striking Affirmative Defenses; (4) 12/27/06 M. Toney Partial Accelerated Decision on Liability; (5) 10/2/07 M. Toney Order Denying EJK

Prior to responding to the merits of petitioners' appeal, on June 3, 2011, respondent submitted a motion to vacate and remand the case to the Board because the EPA committed an error in relying on unapproved State regulations in their analysis. (Doc. 50). Respondent believes that these were procedural errors that can be cured in further administrative proceedings. Petitioners responded on July 8, 2011, agreeing with respondent's motion that an error of law was made; however, they requested the court to vacate with prejudice and deny the remand request due to irreparable harm and prejudice to petitioners. (Doc. 51). On July 22, 2010, respondent submitted a reply to petitioners' response explaining that dismissal with prejudice would preclude the EPA from correcting the pleading error and seeking clarity regarding the findings. (Doc. 53). Further, respondent explained that there was sufficient evidence regarding the already proven conduct of petitioners to provide a sufficient basis for a finding of liability under the appropriate Illinois UIC regulations.

---

Motion to Conform Transcripts; (6) 7/12/07 M. Toney Order Regarding Motion for Audio tapes; (7) 8/27/07 M. Toney Order Denying Motion for Audio tapes; (8) 11/29/07 M. Toney Order Altering Briefing Format at [eleventh][h]our; (9) 7/23/08 M. Toney Initial Order on Penalty; (10) 12/21/08 EAB [Appeals Board] Order Rejecting EJK 2 Part Brief on Appeal; (11) 3/30/10 EAB [Appeals Board] Final Order Upholding EPA Region Initial Order." (Doc. 2 at 3). Petitioners requested that this Court set aside or remand the Board's order, because "1) there is not substantial legal basis or evidence on the record, taken as a whole, to support the orders or the assessment of liability and the final penalty amount as to [petitioners], 2) since the Administrator's assessment of liability and penalty constitutes an abuse of discretion, 3) since the orders fail to comply with other requirements of 5 U.S.C. 706; and 4) since the Administrator's interpretation and application of the SDWA, as set forth in the orders, violated Respondents' Due Process rights." (Doc. 2 at 2).

On August 18, 2011, petitioners filed a motion for an order to give judicial notice of certain relevant portions of federal SDWA regulations and of properly promulgated federal and state SDWA regulations. (Doc. 55).  This request was made in relation to respondent's motion for vacatur and remand.  On September 16, 2011, respondent submitted a response explaining that judicial notice is not appropriate because the parties disagree as to which version of the Illinois UIC regulations is applicable with respect to the petitioners' violations. (Doc. 56).  For the reasons that follow, respondent's motion to vacate and remand to the Board is granted, and petitioners' motion for judicial notice is denied.  The case is remanded to the Board for reconsideration under the appropriate legal standards.

## II.   ANALYSIS

The Court will first address whether the procedural error necessitates a remand, followed by addressing petitioners' irreparable harm, jurisdiction, and judicial notice arguments.

*A.  Procedural Error*

Respondent contends that in its amended complaint filed against petitioners on February 20, 2003, the EPA inadvertently cited to unapproved UIC regulations, along with federally approved UIC regulations, in describing petitioners' violations under the SDWA.[2]  Respondent posits that because of this

---

[2] Respondent asserts that in analyzing the petitioners' liability, "the RJO relied in part on the Illinois Oil and Gas Act, 25 Ill. Comp. Stat 725, and regulations promulgated thereto found at Ill. Admin. Code Title 62, §§ 240.760(e)(6) and (f), and Ill. Admin. Code 62, § 240.780(e)."  The Board's decision to affirm the RJO's finding also relied in part on language in the Illinois Oil and Gas Act and Illinois

procedural error by the EPA, this Court should remand the case back to the Board for redetermination. The Court agrees.

This Court has the authority to remand this case back to the Board. *Sec'y of Labor of the U.S. v. Farino*, 490 F.2d 885, 891 (1973) ("The Supreme Court has indicated that the district courts have inherent power to remand administrative matters to agencies."). In *SEC v. Chenery Corp.*, the Supreme Court explained the basic guidelines for judicial review of an administrative action. 318 U.S. 80, 94 (1943). The Court explained its deferential stance towards administrative decision making with regards to factual findings and discretionary determinations. *Id.*

In *Immigration & Naturalization Servs. v. Ventura*, the Court reiterated the basic principle governing remand that "a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands." 537 U.S. 12, 16 (2002). Additionally, if an agency makes an error of law in its decision, a reviewing court should remand the case so the agency can take steps to apply the correct law. *NLRB v. Food Store Emps. Union*, 417 U.S. 1, 9 (1974) ("It is a guiding principle of administrative law, long recognized by this Court, that, an administrative determination in which is imbedded a legal question open to judicial review does not impliedly foreclose the administrative agency, after its error has been corrected, from enforcing the legislative policy committed to its charge.'") (quoting *FCC v. Pottsville Broad. Co.*, 309 U. S. 134,

---

Administrative Code. However, the approved Illinois UIC program for Class II wells, CFR § 147.701, does not refer to these provisions. (Doc. 50 at 4).

145 (1940)); see also *Cissell Mfg. Co. v. U.S. Dep't. of Labor*, 101 F.3d 1132, 1136 (6th Cir. 1996) ("It is well settled that when an agency makes an error of law in its administrative proceedings, a reviewing court should remand the case to the agency so that the agency may take further action consistent with the correct legal standards.").

Here, the procedural error necessitates a remand because the agency has not yet had an opportunity to consider the issues of this case within the proper framework. The EPA has the authority to adjudicate this matter, and the agency has the right to reconsider the matter under the proper basis. Therefore, this Court finds that the matter should be remanded to the Board for further consideration.

*B. Irreparable Prejudice*

Despite petitioners' arguments to the contrary, this Court does not find that irreparable prejudice exists in this case. Petitioners argue that a remand would be inappropriate because respondent would have to restart and retry the matter. They believe that a vacatur with prejudice is warranted because the primary defendant and witness is now deceased,[3] and because petitioners have waited fifteen years for a hearing on the merits of the case. (Doc. 51 at 14-15). In response, respondent states that there is neither a need for further fact finding nor new testimony in this case. (Doc. 53 at 2). Respondent believes that the

---

[3] Edward J. Klockenkemper died on April 27, 2010. The Court granted petitioners' unopposed motion to substitute the Estate of Edward J. Klockenkemper for and due to the death of Edward J. Klockenkemper, on November 23, 2010. (Doc. 24).

already proven conduct of petitioners will serve as the basis of liability. Thus, respondent posits that no further fact finding or testimony should be necessary. Nevertheless, respondent contends that if the Board determines that a new trial is necessary, the EPA should have the right to retry this case. Based upon respondents' contentions, the Court finds no irreparable harm to petitioners. Consequently, this Court finds that the matter should be remanded to the Board for further consideration.

*C. Jurisdiction*

Petitioners assert that jurisdiction does not exist in this case under the SDWA for the orders under review, therefore the Court must vacate this decision due to lack of jurisdiction. (Doc. 51 at 2). It is a fundamental rule of administrative law that a reviewing court cannot substitute its own judgment for that of the administrative agency. *SEC v. Chenery*, 332 U.S. 194, 196 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency.").

Here, the Board should decide whether it has jurisdiction under SDWA to take this action against petitioners. See *Cissell Mfg. Co.*, 101 F.3d at 1136; *S. Prairie Constr. Co. v. Local No. 627, Int'l Union of Operating Eng'rs*, 425 U.S.

800, 806 (1976); *Harlan Bell Coal Co. v. Lemar*, 904 F.2d 1042, 1046 (6th Cir. 1990) ("Where the ALJ or BRB has erred by … reviewing evidence under an incorrect legal standard, then we must remand the case for additional proceedings."); *Faries v. Dir.*, *Office of Workers' Comp. Programs*, 909 F.2d 170, 173 (6th Cir. 1990) ("Where the ALJ or BRB has erred by reviewing evidence under an incorrect legal standard, remand of the case for additional proceedings is normally appropriate."). It is not within this Court's authority to decide on jurisdiction presently, since the Board has not had an opportunity to determine this issue.

*D. Judicial Notice*

Petitioners move this Court to take judicial notice of "certain relevant portions of federal Safe Drinking Water Act, Sec. 1425 (42 U.S.C. 300h-1), and of properly promulgated federal and state SDWA regulations (and documents comprising portions of same)."[4] (Doc. 55 at 1). Given the Court's decision to remand the case back to the Board for reconsideration, petitioners' motion for judicial notice is denied as moot. Furthermore, petitioners' motion is denied because the parties disagree about which version of the Illinois Underground

---

[4] Petitioner specifically requests this Court to take judicial notice of the following: federal statutes including 42 U.S.C. 300h-1(b)(3) and 42 U.S.C. 300h-1(b)(4); federal regulations including 40 CFR 147.701(a), 40 CFR 147.701(a)(1), 40 CFR 147.701(b), 40 CFR 145.32(a), 40 CFR 145.32(b)(2), 40 CFR 145.32(b)(4), and 40 CFR 145.33; federal documents including Admin Record Dec. 89 – EPA R00001; state statutes including West's Smith Hurd Illinois Compiled Statutes Table (1993) and 225 Illinois Combined Statutes Part 725; and state regulations including Illinois Department of Mines and Minerals Regulations for the Oil and Gas Division Rules (1984), 8 Illinois Register 2475 (1984), 14 Ill. Reg. 3053 (1990), 15 Ill. Reg. 15493 (1991), 19 Ill. Reg. 10981 (eff. July 14, 1995), and 62 Illinois Administrative Code Part 240.760 and 780.

Injection Control regulations under the SDWA is federally enforceable with regards to the petitioners' violations. *See Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("[I]ndisputability is a prerequisite" before a fact to be judicially noticed."); *Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1157 (7th Cir. 1997) ("If we are to take judicial notice of a fact, however, that fact must be indisputable.").

### III. CONCLUSION

For the reasons stated above, respondent's motion is granted, and petitioners' motion is denied. The Board's final order is vacated and this case remanded to the Board for reconsideration under the appropriate legal standards.

**IT IS SO ORDERED.**

**Signed this 21st day of March, 2012.**

David R. Herndon
2012.03.21
16:13:31 -05'00'

**Chief Judge
United States District Court**